Filed 8/20/14  P. v. Ennis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>  v.<br><br>JIMMY DALE ENNIS,<br><br>      Defendant and Appellant. | C072147<br><br>(Super. Ct. No. 12NCR09174) |
| THE PEOPLE,<br><br>      Plaintiff and Appellant,<br><br>  v.<br><br>JIMMY DALE ENNIS,<br><br>      Defendant and Respondent. | C074131<br><br>(Super. Ct. No. 12NCR09174) |

In a June 2012 court trial, defendant Jimmy Dale Ennis was found guilty of transportation of hydrocodone, a felony (Health & Saf. Code, § 11352, subd. (a); count one), and possession of a hypodermic needle and syringe, a misdemeanor (Bus. & Prof. Code, former § 4140; count two).

1

In July 2012, defendant was granted probation for three years, ordered to perform 24 hours' community service, participate in a Proposition 36 drug program, and directed to pay various fines and fees. During an August 2012 Proposition 36 progress report hearing, defendant showed proof he had completed community service. Defendant appeals from the judgment (Case No. C072147).

In March 2013, the trial court found defendant had successfully completed the Proposition 36 program. In April 2013, the trial court issued an order granting "the request of the defendant to set aside the conviction, to dismiss the Complaint/Information in this case, and to reduce the [count one] felony to a misdemeanor"[1] (Case No. C074131). The People appeal from this order.[2]

We ordered the two cases consolidated.

In his original briefing, defendant contends, among other things, his count two conviction must be reversed because Business and Professions Code section 4140 was repealed effective January 1, 2012, prior to defendant's offense. In supplemental briefing, defendant contends his count one conviction must be reversed because Health and Safety Code section 11352 was amended effective January 1, 2014, without a savings clause, to provide in subdivision (c) that "[f]or purposes of this section, 'transport' means to transport for sale," and here the parties stipulated the hydrocodone pills were for defendant's personal use. The People concede both points. We accept the People's concessions.

## FACTS

The parties stipulated to the following facts and agreed the trial court could enter its verdict and judgment accordingly.

---

[1] The document was styled, in part, "order permitting defendant to withdraw[] plea." The case had been resolved by court trial, not by plea.

[2] In light of our reversal of the count one and two convictions and dismissal of these two counts, we conclude the People's appeal is moot.

"On March 26, 2012 shortly after 8:00 p.m., Glenn County Sheriff's Deputy John Owens was assisting the Orland Police Department in looking for two suspects who had been reported to have been tampering with license plates on [¶] . . . [¶] Bonnie Lane in Orland. Deputy Owens observed two suspects riding bicycles on E Street and Shasta Street, which is just north of Bonnie Lane. Owens observed the two individuals ride on the lawn at Number 6 Shasta Street and then start heading quickly to the front door. Owens told them to stop and they both did. [¶] Owens then talked . . . to them to try to determine whether the two[,] identified as [defendant] and Frederick Wayne Appleby[,] had any involvement in the reported vehicle tampering. [¶] . . . [¶] [Defendant] had been standing by during Owens' contact with Appleby. Owens then asked [defendant] if he had anything illegal on his person. [Defendant] responded, 'Yeah, I got some needles.' Owens did a patdown and located a hype kit in [defendant's] left inside jacket pocket. That kit consisted of three hypodermic syringes, a spool of cotton, . . . and an empty baggie all inside a black zippered pouch. Also inside the pouch were five pills embossed with Watson 349 which Owens recognized as a hydrocodone-Acetaminophen formulation." Defendant was arrested on an outstanding warrant and the new drug charges. The hydrocodone pills were for defendant's personal use.

DISCUSSION

I

*Reversal and Dismissal of Count Two*

Defendant contends, and the People concede, his count two conviction for possession of a hypodermic needle and syringe must be reversed because the conduct was not criminal at the time of the arrest and conviction. We accept the People's concession.

Business and Professions Code former section 4140 prohibited possession of "any hypodermic needle or syringe" except when acquired in accordance with the law. Effective January 1, 2012, the Legislature repealed the statute in order to "improve access to syringes and hypodermic needles so as to remove significant barriers for persons

3

seeking to protect their health and the health of other persons, and to remove barriers for programs or businesses to provide sterile injection equipment and education to adults, thereby reducing the spread of communicable diseases and protecting the public health." (Stats. 2011, ch. 738, §§ 1, 2, eff. Jan. 1, 2012.)  Because the statute was repealed several months prior to defendant's arrest, his count two conviction must be reversed and the count dismissed.  (*People v. Babylon* (1985) 39 Cal.3d 719, 727-728; *People v. Rossi* (1976) 18 Cal.3d 295, 301-303 (*Rossi*).)

## II

### *Reversal and Dismissal of Count One*

Defendant contends, and the People concede, his count one conviction for transportation of a controlled substance must be reversed pursuant to the *Estrada*[3] doctrine because the hydrocodone pills were for his personal use rather than for sale.

In 2012, when the trial court found defendant guilty of transporting a controlled substance, Health and Safety Code section 11352, subdivision (a), prohibited transportation of a controlled substance for personal use or sale.  (See *People v. Rogers* (1971) 5 Cal.3d 129, 135 [interpreting a similar statute and considering other similar statutes].)  However, effective January 1, 2014, the Legislature added subdivision (c), which provides, "For purposes of this section, 'transports' means to transport for sale." (Stats. 2013, ch. 504, § 1.)  The Legislature did not include a savings clause or otherwise provide Health and Safety Code section 11352, subdivision (c), should be applied prospectively only.

Because the parties stipulated the hydrocodone was for personal use, there is insufficient evidence to support the count one conviction for transportation of a controlled substance.  The parties agree that, absent a savings clause, the count one

---

**3**    *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).

4

conviction must be reversed and the count dismissed.  (*Rossi, supra,* 18 Cal.3d at pp. 301-303; *Estrada, supra*, 63 Cal.2d at pp. 744-745, 748.)

DISPOSITION

In case No. C072147, defendant's convictions on counts one and two are reversed and the trial court is directed to enter dismissal of both counts.  In case No. C074131, the People's appeal is dismissed as moot.


                                             HOCH    , J.


We concur:


    BLEASE   , Acting P. J.


    BUTZ    , J.